LEOPOLDO MERCADO SANTINI ET AL., peticionario, v. TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. DANIEL E. LÓPEZ PRITCHARD, JUEZ, demandado.

*Número:* O-73-16 *Resuelto:* 31 de mayo de 1973

524

*Jorge J. Oppenheimer Méndez, Elba Canales de Mattina* y *Carlos Bigles,* abogados de la ACAA; *Moisés García Viera, Jorge Márquez Gómez, Miguel A. Guzmán Soto, Wifredo Márquez Boneta* y *Santiago A. Jiménez Sabat,* abogados del Administrador del Fondo del Seguro del Estado.

EL JUEZ ASOCIADO SEÑOR MARTÍNEZ MUÑOZ emitió la opinión del Tribunal

El Administrador del Fondo del Seguro del Estado le prestó servicios médicos al obrero Víctor Torres Rivera por lesiones sufridas por éste en un accidente de tránsito mientras conducía una motora "Vespa" en gestiones de su empleo. En subrogación de los derechos de Torres Rivera, el Administrador inició demanda de daños y perjuicios contra el alegado causante del accidente, conductor del otro vehículo, Sr. Héctor Rivera Ortiz, a la dueña del mismo, Hertz Rent A Car, Inc., a su compañía aseguradora, Royal Globe Insurance Co., y a la Administración de Compensaciones por Accidentes de Automóviles, reclamando para sí $490.00 por gastos incurridos en el tratamiento médico de Torres Rivera y $5,000.00 por los daños y perjuicios sufridos por el obrero lesionado.

La demanda contiene las alegaciones usuales en estos casos de daños por negligencia y, en cuanto a la Administración de Compensaciones por Accidentes de Automóviles (ACAA), se formula la siguiente:

"7. Que la Administración de Compensaciones por Accidentes de Automóviles era responsable de los daños y sufrimientos físicos que pudiera sufrir el co-demandante hasta la suma de $3,000.00 a tenor con las disposiciones de la Ley 138 de 26 de junio de 1968."

Solicitada por la ACAA la desestimación de la demanda en cuanto a ella, la sala de instancia denegó dicha solicitud, fundamentando su resolución denegatoria en la referida ale-

gación y las normas aplicables a las mociones de desestimación con relación a las cuales cita el caso *Rivera Rivera* v. *Trinidad*, 100 D.P.R. 776 (1972).

La Administración de Compensaciones por Accidentes de Automóviles (ACAA) recurrió ante nos mediante solicitud de *certiorari*. El 31 de enero de 1973 dictamos una orden dirigida al Administrador del Fondo del Seguro del Estado (F.S.E.), demandante en el pleito original, para mostrar causas por las cuales no debía expedirse el auto de *certiorari* solicitado, dejarse sin efecto la resolución dictada por la sala de instancia y, en su lugar, dictarse otra desestimando la demanda en cuanto concierne a la ACAA.

El Fondo del Seguro del Estado presentó su informe en oposición. Sostiene que el argumento de falta de jurisdicción, basado en la Sec. 11 de la Ley Núm. 138 de 1968, 9 L.P.R.A. sec. 2061, y la alegación de la ACAA de que el Fondo no agotó los remedios administrativos establecidos en dicha sección carece de méritos por cuanto la acción instada en este caso, no es un proceso de tipo administrativo, sino que, por el contrario, es una acción en daños y perjuicios en la que los tribunales de justicia son los que tienen jurisdicción, según autorizada por lo dispuesto en el Art. 31 de la Ley de Compensaciones por Accidentes del Trabajo.

Discrepamos. El Administrador del Fondo del Seguro del Estado inició esta demanda de daños y perjuicios en virtud de lo dispuesto en el Art. 31 de la Ley de Compensaciones por Accidentes del Trabajo, Ley Núm. 45 de 18 de abril de 1935, según enmendada, 11 L.P.R.A. sec. 32. Dice en parte el citado artículo:

"En los casos en que la lesión, enfermedad profesional o la muerte que dan derecho de compensación al obrero, empleado o sus beneficiarios, de acuerdo con esta ley, le hubiere provenido bajo circunstancias que hicieren responsable a tercero de tal lesión, enfermedad o muerte, el obrero o empleado lesionado o sus beneficiarios *podrán reclamar y obtener daños y perjuicios del*

*tercero responsable* de dicha lesión, enfermedad o muerte dentro del año subsiguiente a la fecha en que fuere firme la resolución del caso por el Administrador del Fondo del Seguro del Estado, y *éste podrá subrogarse en los derechos del obrero,* empleado o sus beneficiarios *para entablar la misma acción* en la forma siguiente:

Cuando un obrero o empleado lesionado, o sus beneficiarios en casos de muerte, *tuvieren derecho a entablar acción por daños* contra tercero, en los casos en que el Fondo del Seguro del Estado, de acuerdo con los términos de este Capítulo, estuviere obligado a compensar en alguna forma o proporcionar tratamiento, el Administrador del Fondo del Seguro del Estado *se subrogará en los derechos* del obrero o empleado, o de sus beneficiarios, y podrá *entablar procedimientos en contra del tercero* en nombre del obrero o empleado, o de sus beneficiarios, . . . ." (Énfasis suplido.)

Del texto de esta sección surge que, cuando un obrero o empleado lesionado o sus beneficiarios *tuvieren derecho* a entablar acción para reclamar y *obtener daños y perjuicios del tercero responsable,* el Administrador del Fondo podrá subrogarse en sus derechos *para entablar la misma acción.* Es esta la acción subrogatoria que se ha traído en este caso para beneficio del obrero y para resarcirse el Fondo de los gastos incurridos. Al referirnos al citado Art. 31, sostuvimos en *Gallart, Admor.* v. *Banco Popular,* 91 D.P.R. 818, 824–827 (1965):

"En la primera ocasión en que se interpreta esta disposición se aclara en forma precisa y terminante que dicho artículo no crea una nueva causa de acción que hasta entonces no existiera a beneficio de los herederos, o beneficiarios en su caso, del obrero. Dícese en *Cordero, Admor.* v. *Am. Railroad Co.,* 66 D.P.R. 460, 464 (1946): '. . . la responsabilidad de dicho tercero por la muerte siempre ha existido a favor de los herederos del finado, independientemente de la Ley núm. 45. El artículo 31 de la Ley núm. 45 no tiene por miras derogar esta causa de acción. *Tampoco sustituye dicha acción por una a favor de los beneficiarios* bajo el inciso 5 del artículo 3. El artículo 31 más bien dispone sencillamente que si un beneficiario tiene tal acción, el

Administrador queda subrogado en ella.' En otras palabras que lo que le insufla vida al derecho de subrogación es la existencia de una causa de acción bajo los principios de la responsabilidad extracontractual."

■ Vemos, pues, cómo la acción subrogatoria que autoriza el Art. 31 está basada en la existencia de una causa de acción bajo los principios de *responsabilidad extracontractual* y que es necesario que dicha causa de acción esté reconocida a favor del obrero o sus beneficiarios. ¿Es la ACAA el *tercero responsable* al que se refiere el referido Art. 31? Claramente no.

La Sec. 3 de la Ley Núm. 138, conocida como Ley de Protección Social por Accidentes de Automóviles, 9 L.P.R.A. sec. 2053, dispone que tendrá derecho a los beneficios de esta ley "toda persona natural que sufra daño corporal, enfermedad o la muerte resultante de éstos, como consecuencia del mantenimiento o uso por sí misma o por otra persona de un vehículo de motor como tal vehículo." Las Secs. 7 y 11 (9 L.P.R.A. secs. 2057 y 2061) disponen el procedimiento para la radicación y adjudicación de reclamaciones de los beneficios provistos por la Ley Núm. 138. La esfera de acción de la ACAA se limita a los casos en que las partes envueltas en un accidente automovilístico sufren lesiones que producen muerte, desmembramiento, incapacidad o que requieren servicios médicos o de hospitalización; y dichas partes solicitan los beneficios provistos para esos casos por la Ley de Protección Social mediante la reclamación según provista en la referida ley. *A.C.A.A.* v. *Tribunal Superior*, 101 D.P.R. 518 (1973).

■ El obrero lesionado, la víctima en este accidente, podía haber radicado una reclamación ante la ACAA para solicitar los beneficios correspondientes. Esta reclamación habría de ser procesada de acuerdo a las normas establecidas por la ACAA en virtud de la ley que la creó. Ver 9 L.P.R.A. sec. 2055. El Fondo del Seguro del Estado no tiene derecho alguno

en esta reclamación administrativa, ni en los beneficios que puedan concederse a la víctima. Los beneficios de la Ley de Protección Social están disponibles a la persona natural que sufre el daño (la víctima) o sus beneficiarios. La propia ley señala quiénes serán considerados beneficiarios de la víctima. Sec. 3, Ley Núm. 138, 9 L.P.R.A. sec. 2053. Estos beneficios no podrán cederse, venderse ni transferirse, y cualquier contrato al efecto será nulo. Sec. 5, 9 L.P.R.A. sec. 2055(2). La Ley Núm. 138 establece un derecho a compensación independiente del concepto de negligencia mediante una reclamación en un procedimiento administrativo, por lo que el Fondo no tiene acción alguna en qué subrogarse.

Es errónea la contención del Fondo al respecto de que la ACAA se convierte en una "aseguradora" en lo que respecta a las deducciones de $1,000.00 por sufrimientos físicos y mentales y $2,000.00 por otros gastos, que puede ser demandada de conformidad con la Sec. 13, inciso (1), de la Ley Núm. 138, 9 L.P.R.A. sec. 2063(1), y que, por lo tanto, es un *tercero responsable* de acuerdo con el Art. 31 de la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 32.

La capacidad de ser demandada señalada en la Sec. 13, inciso 1, de la Ley Núm. 138, 9 L.P.R.A. sec. 2063(1), no tiene relación alguna con las reclamaciones que como función administrativa tiene que adjudicar esta agencia. De la única forma que la ACAA viene obligada a comparecer a los tribunales, en relación con reclamaciones por lesiones sufridas por accidentes de automóviles, es mediante el recurso de revisión provisto en la ley. *A.C.A.A.* v. *Tribunal Superior*, supra. Para dichas reclamaciones, la ley provee un procedimiento particular, independiente de la capacidad de la ACAA de demandar y ser demandada.

La ACAA no es una aseguradora común; es una agencia administrativa creada por ley para aliviar un grave problema en nuestra sociedad, con un sistema muy particular y con unos propósitos primordialmente sociales. Lo que establece la

Ley de Protección Social es un derecho a compensación, independiente del concepto de negligencia, que tiene como fin proteger a las víctimas de accidentes de tránsito, brindándoles ciertos beneficios que no dependen de una determinación previa de responsabilidad, ni de la solvencia del responsable. *Morales* v. *Lizarribar*, 100 D.P.R. 717 (1972). La ACAA administra un sistema de compensaciones y servicios cuyo financiamiento se lleva a cabo mediante la distribución de los costos entre las personas que están más directamente relacionadas con el problema; los automovilistas. El que la ACAA sea la instrumentalidad pública creada para administrar el sistema de "seguro" y compensación por accidentes de tránsito, y el que a la aportación se le llame "prima" no la convierte en una aseguradora.

 Hemos resuelto que la Ley de Protección Social establece unos beneficios reclamables mediante un procedimiento administrativo; que cualquier planteamiento bajo dicha ley debe hacerse en el Foro Administrativo hasta que la decisión de la agencia sea una orden final, revisable por el Tribunal Superior, Sala de San Juan; y que a la ACAA no pueden reclamársele beneficios mediante demanda de daños y perjuicios, por lo que el Fondo del Seguro del Estado no puede subrogarse en acción alguna contra la ACAA, ya que ésta no es una aseguradora de las exenciones que establece la Ley Núm. 138.[1]

En su virtud, *se expedirá el auto de certiorari solicitado, se revocará la resolución recurrida y, en su lugar, se dictará*

---

[1] Para proteger los intereses del Fondo del Seguro del Estado, tendría que establecerse un balance entre ambas agencias. La Sec. 4 de la Ley de Protección Social, 9 L.P.R.A. sec. 2054, establece que los beneficios pagaderos por la ACAA serán los que estipula la ley en secciones siguientes, después de deducir de los mismos cualesquiera otros beneficios de otros programas de seguros para los cuales sean elegibles la víctima o sus beneficiarios (excepto los que la propia ley cataloga como no-deducibles en el inciso (e)). Los beneficios deducibles incluyen los beneficios o ventajas que la víctima o sus beneficiarios reciban o tengan derecho a recibir de otras fuentes en virtud de la lesiones sufridas. Dispone la Sec. 4, inciso (b) que si la víctima recibe de la Administración servicios por los cuales es elegible

*otra desestimando la demanda en cuanto a la Administración de Compensaciones Por Accidentes de Automóviles concierne.*

---

bajo otros programas de seguros, sin que se haga la deducción en los casos en que esta aplique, el importe de la deducción correspondiente se restará de los beneficios a que tenga derecho la víctima de acuerdo con dichos programas y se pagará por la agencia a cargo de la administración de dichos programas, directamente a la ACAA. Siguiendo el texto de la Ley Núm. 138, es el Fondo el que primariamente viene obligado a pagar o prestar los servicios siempre que el accidente automovilístico sea también un accidente del trabajo. Si la ACAA paga inicialmente, podrá recobrar del Fondo; si paga el Fondo, no podrá recobrar de la ACAA ni del tercero responsable hasta los límites que fija la Sec. 8. El Fondo tendrá que pagar y brindar los servicios a que tiene derecho el obrero lesionado y no podrá recobrarlos del tercero responsable si no exceden los límites señalados en la Ley Núm. 138. La función de acoplar ambos sistemas es delicada y más compleja de lo que parece, pues son varias las disposiciones de la Ley Núm. 138 que están en conflicto con los intereses del Fondo del Seguro del Estado. Quizás el legislador no previó estos conflictos, pero no corresponde a los tribunales de justicia determinar cuál de las dos agencias ejerce una función más importante y debe recibir mayor protección.