UNITED STATES of America, Plaintiff,

v.

Carlos PESQUERA, Secretary
of Transportation, et al.,
Defendants.

Civ. No. 97–1682(SEC).

United States District Court,
D. Puerto Rico.

Nov. 21, 1997.

Jacqueline D. Novas–Debien, Assistant U.S. Attorney, U.S. Atty's Office, Civil Div., San Juan, PR, for plaintiff.

Gustavo A. Gelpi–Abarca, Department of Justice, Fed. Litigation Div., San Juan, PR, for defendants.

## OPINION AND ORDER

CASELLAS, District Judge.

This case is before the Court on defendants' motion to partially dismiss the complaint (**Docket # 6**), which was duly opposed (**Docket # 7**). Defendants essentially contend that the above-captioned matter should be dismissed in part because: (1) the $35.00 fee which the Automobile Accident Social Protection Act, 9 L.P.R.A. § 2051–65, imposes upon all registered vehicles is not an insurance premium, and thus Federal Government vehicles are not exempted from paying it; (2) the applicable federal regulations require that the fee be paid; and (3) the U.S. Government's self-insurance scheme would not be affected if payment of the fee were required. Upon careful examination of the relevant facts, the applicable law, and the arguments advanced by both parties, the Court finds that defendants' motion should be **DENIED**.

### Procedural Background

The Automobile Accident Social Protection Act, 9 L.P.R.A. §§ 2051–2065, provides relief to traffic accident victims and their families by affording them basic medical and hospital services, among other benefits, regardless of fault. *See* 9 L.P.R.A. § 2054. Its benefits are available to "every natural person who suffers bodily injury, sickness or death as a result thereof, as a consequence of the maintenance or use by himself or by another person of a motor vehicle as such …" 9 L.P.R.A. § 2053. Those who do not have a valid driver's or motor vehicle license at the time of the accident are nevertheless, excluded from these benefits.[1]

This social protection program is financed by all motor vehicle owners, through an annual contribution of $35.00 which is paid at the time the vehicle is registered. 9 L.P.R.A. § 2064. There is no dispute as to the fact that official United States Government vehicles need not pay this $35.00 contribution; the Puerto Rico Vehicle and Traffic Law specifically exempts the United States Government from registering such vehicles. *See* 9 L.P.R.A. § 401(a). *See also* Op.Sec. Jus. No. 3 (1984). The question before the Court is rather, whether those vehicles used by the Federal Bureau of Investigation (FBI), the Drug Enforcement Administration (DEA), or the Immigration and Naturalization Service (INS) for law enforcement purposes, which for security reasons do not carry official U.S. Government license plates, must pay the $35.00 fee upon being registered with the local Department of Transportation.

On May 1, 1997, the United States filed a motion for temporary restraining order and preliminary injunction to enjoin the defendants from requiring plaintiff and all its agencies to pay the insurance premium imposed on all vehicles which are registered and may be in the future registered with the Puerto Rico Department of Transportation and Public Works.[2] Shortly thereafter, on

---

1. The Act also excludes those who at the time of the accident were under the influence of drugs or alcohol; those who intentionally provoked an accident to cause damage to themselves; those who in one way or another were participating in a speed test or race; those who crashed while committing a criminal act; or those who got in the accident while driving a go-kart or minibike. 9 L.P.R.A. § 2055.

2. It also requested that defendants be enjoined from paying the insurance premium imposed by the Insurance System of Compulsory Responsibility for Motor Vehicles on all vehicles which are registered with the Puerto Rico Department of Transportation and Public Works. Defendants nevertheless, conceded that under the Supremacy Clause, the United States could not be forced to pay for such a compulsory insurance system.

June 17, 1997, defendants filed a motion to partially dismiss the complaint on the ground that the fee imposed by the Automobile Accident Social Protection Act was not an insurance premium as a matter of law, and that therefore, plaintiff could be required to pay the fee upon registering its vehicles. Plaintiff essentially asserts that the fee is indeed an insurance premium and that the same rationale which precludes defendants from imposing the compulsory insurance program upon plaintiff precludes them from requiring them to pay the AACA fee.

## Motion to Dismiss Standard

Rule 12(b)(6) motions have no purpose other than to "test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case." 5A Wright & Miller, *supra* § 1356, at 294 (2d ed.1990). Only where the complaint fails to comply with the liberal standard provided in Rule 8(a), that is, to provide a "short and plain statement ... showing that the pleader is entitled to relief," will it be subject to dismissal under 12(b)(6). Fed.R.Civ.P. 8(a). *See also Federal Practice and Procedure, supra* at 296; *Podell v. Citicorp Diners Club, Inc.,* 859 F.Supp. 701 (S.D.N.Y.1994). It is the moving party which has the burden of proving that no claim exists. *Federal Practice and Procedure, supra* at 115 (1996 supp.). *See also Clapp v. LeBoeuf, Lamb, Leiby & MacRae,* 862 F.Supp. 1050 (S.D.N.Y.1994).

Furthermore, in determining whether to grant a motion to dismiss, courts must construe the complaint "in the light most favorable to plaintiff" and treat her allegations as though they were hue. *Federal Practice and Procedure, supra* at 304. See also *Rockwell v. Cape Cod Hosp.,* 26 F.3d 254 (1st Cir. 1994). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also *Wyatt v. City of Boston,* 35 F.3d 13 (1st Cir.1994);*Schroeder v. De Bertolo,* 879 F.Supp. 173 (D.Puerto Rico, 1995).

## Analysis

Defendants essentially rely on the cases of *Mercado Santini v. Tribunal Superior Court,* 101 D.P.R. 523, 1973 WL 35636 (1973), and *Trailer Marine Transp. Corp. v. Rivera Vazquez,* 977 F.2d 1 (1st Cir.1992) to bolster their argument that the AACA fee is not an insurance premium. In *Mercado Santini,* the Puerto Rico Supreme Court held that "[t]he fact that the AACA [was] the public instrumentality created to administer the system of "Insurance" and compensation for traffic accidents, and that the contribution [was] called a premium [did] not transform it into an insurer." 101 D.P.R. at 529–30. Subsequently, in *Trailer Marine,* the First Circuit concluded that the imposition of the AACA fee did not fail within the definition of the "business of insurance" under the McCarran–Ferguson Act. 977 F.2d at 13–14.

These cases did not, however, address the question of whether the $35.00 fee should be considered an insurance premium. To the contrary, the *Mercado Santini* court specifically held that the AACA was a public instrumentality created to administer a system of "insurance" through a system of contributions called "premiums," *Mercado Santini,* 101 D.P.R. at 731, an analogy which this Court finds more in sync with plaintiff's position. More importantly, as plaintiff points out, in *United States v. Commonwealth of Puerto Rico,* 478 F.2d 451, 454 (1st Cir.1973), the First Circuit specifically held that the fee required by the Act was not a tax, but rather, "an insurance premium". *Id.* at 455. This ruling has not—as defendants would have us believe—been reversed, either explicitly or implicitly, by later cases such as *Trailer Marine.* In fact, the Act itself explicitly states that "[t]he cost of this *insurance* shall be distributed among all the motor vehicle owners though an annual contribution to be paid at the time of registering the vehicle." 9 L.P.R.A. § 2064 (emphasis added).

Based on the foregoing, we hereby conclude, for the purposes of this motion to dismiss, that the $35.00 fee which the Act imposes upon all car owners is a premium which cannot, under the Supremacy Clause, be imposed upon plaintiff. We further con-

clude, as plaintiff does, that our finding does not in any way undermine the *Trailer Marine* holding that the AACA is not in the business of insurance. Neither does this holding affect the Act's legislative intent of "provid[ing] some relief to the victims of traffic accidents by making available to them medical-hospital services and some income that frees them from total financial privation and destitution as well as compensation for dependents of the victims who die in such accidents." *Laws of Puerto Rico,* July 1, 1986, at 186. This is so because AACA's services under the Act are not contingent upon whether the person who provokes the accident has paid the premium; rather, they depend on whether the person who seeks such services has paid the fee.

As to defendants' remaining claims, we agree, for purposes of the instant motion, that the imposition of any regulation—local or federal—upon the self-insurance system established by the U.S. Government, a system which does not allocate any part of its federal budget for such purposes, would indeed stand as an obstacle to the accomplishment and execution of the full purpose and objectives of federal self-insurance.

For the foregoing reasons, defendants' motion is hereby **DENIED.**

**SO ORDERED.**