FRANK W. FOURNIER, DIRECTOR EJECUTIVO DE LA A.C.A.A., ETC., peticionarios, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE CAGUAS, demandado.

*Número:* O-70-292      *Resuelto:* 10 de mayo de 1971

*Jorge L. Oppenheimer Méndez, Elba Canales de Mattina* y *Edwin A. Hernández Rodríguez,* abogados de los peticionarios.

PER CURIAM: La Administración de Compensaciones por Accidentes de Automóviles confirió beneficios ascendentes a $3,888.85 a los menores beneficiarios del occiso Arturo Figueroa Meléndez, quien falleciera como consecuencia de un accidente automovilístico. A petición del padre dichos menores, el tribunal de instancia dictó una orden contra el Director Ejecutivo de la Administración, ordenándole, so pena de desacato, depositar en la Secretaría del Tribunal la cantidad de $3,888.85.

La sección 5 (1) (c) de la Ley de Protección Social por Accidentes de Automóviles, Ley Núm. 138 de 26 de junio de 1968, 9 L.P.R.A. sec. 2055, dispone que los beneficios por muerte se pagarán a razón de $50 semanales, autorizando al Administrador para hacer pagos semanales mayores o la liquidación del beneficio en una sola suma, cuando se demuestre que ello resultará en beneficio de la víctima o de sus beneficiarios. En los casos, como el presente, en que el importe del beneficio fuera mayor de $1,000 la Administración podrá requerir de los beneficiarios que utilicen dicho beneficio para la compra de una finca o vivienda o para adquirir un negocio productivo o hacer alguna otra inversión lucrativa.

A tenor con estas disposiciones, corresponde inicialmente a la Administración hacer la determinación sobre la liquidación de los beneficios en una sola suma. Se trata, como expresamos en *E.L.A.* v. *12,974.78 Metros Cuadrados,* 90 D.P.R. 506, 511 (1964), de una cuestión de prioridad de jurisdicción, en que la ley expresamente reservó la jurisdicción primaria en la Administración y la cual los tribunales deben observar rigurosamente en aras de una mejor armonía y

coordinación entre los organismos administrativos y la Rama Judicial.

El tribunal de instancia hizo caso omiso de estas disposiciones invadiendo la jurisdicción primaria de la Administración de Compensaciones por Accidentes de Automóviles al dictar la orden recurrida, por lo que dicha orden no puede prevalecer.

A la luz de lo anterior, se revocará la orden recurrida.