FRANK W. FOURNIER, ET AL., peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE BAYAMÓN, HON. ERICK E. KOLTHOFF, JUEZ, demandado.

*Número:* O-72-51      *Resuelto:* 31 de mayo de 1973

*Jorge J. Oppenheimer Méndez, Elba Canales de Mattina* y *Rosa Emilia Palou Elosegui,* abogados de la Administración de Compensaciones por Accidentes de Automóviles.

EL JUEZ ASOCIADO SEÑOR MARTÍNEZ MUÑOZ emitió la opinión del Tribunal.

Se trata de un caso corriente de daños y perjuicios resultantes de un choque de automóviles iniciado mediante demanda radicada en el Tribunal Superior, Sala de Bayamón, ocurrido, según surge de las alegaciones, el 7 de mayo de 1971, estando ya en vigor las disposiciones de la Ley de Protección Social por Accidentes de Automóviles, Ley Núm. 138 de 26 de junio de 1968, 9 L.P.R.A. sec. 2051 *et seq.*

Se unieron en la demanda cuatro demandantes que viajaban en uno de los vehículos envueltos, incluyendo el conductor, formularon alegaciones comunes respecto a la negligencia del conductor y dueño del otro vehículo, describieron las lesiones físicas alegadamente sufridas y los sufrimientos físicos y mentales, daños éstos que valoraron en $10,000 para cada uno.[1]

La demanda fue dirigida contra tres partes, a saber: (1) Manual Meléndez Rolón, dueño y conductor del vehículo causante del choque; (2) United States Fidelity Co., sin que se formulare alegación alguna bajo la cual fue incluida en el pleito;[2] y (3) la Administración de Compensaciones por Accidentes de Automóviles (ACAA).

---

[1] El dueño del vehículo en el cual viajaban los demandantes reclamó sólo compensación por daños a su vehículo en la suma de $2,000.00.

[2] La ausencia de alegaciones en cuanto a United States Fidelity Co. no tiene relevancia en cuanto a la cuestión planteada en este recurso. Esta compañía compareció en el pleito debidamente representada, contestó la damanda, admitió la ocurrencia de la colisión, negó las restantes alega-

Es con respecto a la inclusión de la Administración de Compensaciones por Accidentes de Autómoviles como parte demandada en la acción civil de daños, bajo la alegación de que está obligada por ley ". . . a compensar a los demandantes por los daños sufridos . . . cosa que se ha negado a hacer", y a la denegatoria de la sala de instancia a eliminarla del pleito y desestimar la acción en cuanto a la Administración, que se suscita la controversia que habremos de resolver en este recurso.

La Administración adujo tres fundamentos para desestimar la acción en cuanto a ella: (1) falta de jurisdicción del tribunal para dictar sentencia en su contra en este tipo de caso; (2) no se agotaron los remedios administrativos; y (3) la ACAA no puede indemnizar sufrimientos mentales.

Como se sabe, el propósito que animó a la Asamblea Legislativa en la aprobación de la Ley Núm. 138 fue el buscar una solución al cada día más creciente problema de las víctimas de accidentes de tránsito y procurar que a un gran número de las víctimas de accidentes de automóviles se les garantice ciertos servicios médicos y, en algunos casos, compensación por las lesiones sufridas, bajo un plan de seguro compulsorio, administrado por una instrumentalidad pública, sin que haya que satisfacer las condiciones previas exigidas, ni seguir el trámite judicial, bajo el sistema de compensación fundado en el concepto de negligencia. *Morales* v. *Lizarribar*, 100 D.P.R. 717 (1972).

La Ley Núm. 138 que creó la Administración de Compensaciones por Accidentes de Automóviles establece un procedimiento de adjudicación de reclamaciones y apelaciones. La Sec. 7 de la ley, 9 L.P.R.A. sec. 2058, dispone que las reclamaciones ante la ACAA sólo pueden presentarse de acuerdo

---

ciones y levantó como defensa especial las deducciones que por concepto de sufrimientos mentales y otras partidas de daños provee la Ley Núm. 138, *supra.* Inferimos de ello que dicha compañía cubre el riesgo de este accidente mediante póliza de responsabilidad expedida a favor del demandado Manuel Meléndez Rolón.

con lo preceptuado en dicha sección, y éstas se adjudicarán y se revisarán de acuerdo con el procedimiento establecido en la Sec. 11, 9 L.P.R.A. sec. 2061, el cual tiene que ser agotado antes de acudir a los tribunales.[3] La única forma de llegar a los tribunales, en busca de una revisión de la determinación administrativa, es mediante solicitud de revisión judicial presentada ante el Tribunal Superior, Sala de San Juan, según se establece en la Sec. 11, 9 L.P.R.A. sec. 2061(3), limitada la jurisdicción de ese tribunal a cuestiones de derecho; las conclusiones de hecho de la Junta, de estar sostenidas por evidencia sustancial, serán finales. La ley no provee en ninguna de sus secciones para que dichas reclamaciones se establezcan mediante demanda de daños y perjuicios basada en la negligencia de un tercero. El propósito de la ley es proveer de sus beneficios a las víctimas de accidentes de tránsito independientemente del principio de negligencia necesario en la reclamación judicial, civil y ordinaria. De acuerdo con este propósito, las reclamaciones se sirven de un procedimiento independiente de la acción que pueda radicar la víctima en los tribunales de justicia, para reclamarle al tercero negligente. No fue el propósito de la ley que la ACAA interviniera en todo pleito que envuelva un accidente automovilístico.

Suponiendo que los demandantes hubiesen hecho la reclamación ante la ACAA, ésta pudo negarse a compensar los daños reclamados por los demandantes bajo cualquiera de los siguientes supuestos: (1) que se hayan reclamado partidas no compensables bajo la ley; (2) que la reclamación se le

---

[3] "La doctrina de jurisdicción primaria no debe confundirse con la que requiere que se agoten los procedimientos administrativos antes de acudirse a los tribunales, aunque ambas son germanas y persiguen el mismo fin: poner orden en la administración de la justicia y armonizar el funcionamiento de la rama judicial con el de su rama hermana, la ejecutiva. La doctrina que requiere que se agoten los procedimientos administrativos determina la etapa en la cual el litigante puede recurrir a los tribunales; la de la jurisdicción primaria determina qué organismo debe hacer la determinación inicial del asunto. V. Davis en 28 Texas Law Review 400 (1950)." *E.L.A.* v. *12,974.78 metros cuadrados*, 90 D.P.R. 506, 513, (1964).

haya notificado después de 15 días desde el accidente y no se justificase la demora, 9 L.P.R.A. sec 2057; y (3) que el accidente haya ocurrido bajo cualquiera de las circunstancias enumeradas en la Sec. 5, 9 L.P.R.A. sec. 2055(3), esto es, que el reclamante haya provocado el accidente para inflingirse daños intencionales, que el reclamante fuera un participante en una competencia de automóviles o en pruebas de velocidad, ya fuera como conductor, pasajero, espectador o como funcionario o empleado en áreas reservadas para tales actividades, que el reclamante estuviera conduciendo un vehículo de motor sin estar autorizado o bajo los efectos de drogas o de bebidas embriagantes, o estuviere realizando un acto criminal.

En la demanda, cuatro de los cinco demandantes reclamaron compensación por sufrimientos mentales. El dueño del vehículo en que viajaban aquellos reclamó sólo compensación por los desperfectos del mismo con motivo de la colisión. La Ley Núm. 138 no contempla compensación por ninguno de esos conceptos. La esfera de acción de la ACAA se limita a proveer beneficios que incluyen pagos por incapacidad, por muerte, por desmembramiento y por servicios médicos o de hospitalización. Dentro de los beneficios disponibles, no se incluye pagos por sufrimientos mentales, ni daños a la propiedad.

Ahora bien, fuese cual fuese la razón por la que la ACAA denegó, como se alega, la reclamación de los demandantes, en cuanto a dicha reclamación no podía instarse demanda separada contra la ACAA para exigirle que satisficiera la misma. El principio de agotamiento de remedios administrativos requería que el caso llegara al tribunal de instancia por vía de revisión y no mediante demanda separada, después de haberse agotado los recursos de revisión y apelación administrativa provistos por la ley en su Sec. 11, 9 L.P.R.A. sec. 2061. *Medina* v. *Hato Rey Realty Co.*, 72 D.P.R. 638, 642–643 (1951); *E.L.A.* v. *12,974.78 metros cuadrados*, supra. Por lo tanto, el Tribunal Superior, Sala de

Bayamón, no tenía jurisdicción para ver esta reclamación contra la ACAA, pues no se habían agotado los remedios administrativos y, de haberse agotado, no se recurrió en revisión al tribunal con jurisdicción que era el Tribunal Superior, Sala de San Juan, ni puede la ACAA ser demandada en daños y perjuicios para solicitar los beneficios provistos por la Ley Núm. 138, pues se obviaría su jurisdicción primaria en detrimento de la armonía y coordinación que debe prevalecer entre los organismos administrativos y la Rama Judicial. *A.C.A.A.* v. *Tribunal Superior*, 99 D.P.R. 915 (1971).

A la luz de lo anteriormente expuesto, *se revocará la resolución recurrida y se dictará otra desestimando la demanda en cuanto concierne a la Administración de Compensaciones Por Accidentes de Automóviles.*