HIRAM QUIÑONES, demandante y recurrido, *v.* ADMINISTRACIÓN DE COMPENSACIONES POR ACCIDENTES DE AUTOMÓVILES, (A.C.A.A.), demandada y recurrente.

Número: R-74-135    Resuelto: 31 de octubre de 1974

*H. Febus Bernardini,* abogado de la recurrente; *Agustín Díaz García,* abogado del recurrido.

PER CURIAM: Prescindiendo del procedimiento administrativo establecido en la Ley de Protección Social por Accidentes de Automóviles, Ley Núm. 138 de 1ro. de julio de 1969, 9 L.P.R.A. secs. 2051 a 2065, el recurrido Hiram Quiñones instó una demanda contra la recurrente Administración de Compensaciones por Accidentes de Automóviles, reclamando el pago inmediato de ciertos servicios médico-hospitalarios. Alegó que como consecuencia de un accidente automovilístico había desarrollado una uremia crónica que requería tratamiento urgente de hemodiálisis; que el Gerente de Distrito de la A.C.A.A. se había negado a darle este tratamiento, y, que prescindió del requisito de agotar el remedio administrativo porque éste constituía una gestión inútil e inefectiva. A solicitud del recurrido el tribunal de instancia dictó una Orden de Entredicho Provisional ordenándole a la A.C.A.A. el pago inmediato del costo del tratamiento requerido. Posteriormente dictó sentencia declarando con lugar la demanda y ordenándole a la recurrente el pago de todos los servicios médico-hospitalarios relacionados con la enfermedad del recurrido más las costas y honorarios de abogado.

No conforme con dicha sentencia la recurrente A.C.A.A. interpuso recurso de revisión aduciendo contra la misma que el tribunal de instancia no tenía jurisdicción en el caso por haberle sido reservada a ella la jurisdicción primaria, en

virtud de las disposiciones de la mencionada Ley de Protección Social por Accidentes de Automóviles. También señaló·como error que el recurrido no agotó los remedios administrativos.

Considerando que, efectivamente el tribunal de instancia incidió al asumir jurisdicción original en el caso, concedimos al recurrido término para que mostrara causa por la cual no debíamos revocar la sentencia recurrida. Oportunamente compareció el recurrido ofreciendo como argumentos de su caso los expuestos en su Escrito de Oposición a la Expedición del Auto de Revisión. Hemos considerado dichos argumentos y no nos convencen.

■ La Sec. 11 de la Ley de Protección Social por Accidentes de Automóviles, 9 L.P.R.A. sec. 2061, establece un procedimiento para la adjudicación de reclamaciones de los beneficios conferidos por dicha Ley. Este procedimiento consiste en: 1) investigación de la reclamación por el Director Ejecutivo, 2) celebración de audiencia pública ante el Director Ejecutivo o un examinador designado por éste, debiendo llevar un récord de los procedimientos y de toda la prueba, 3) notificación al reclamante de las decisiones del Director Ejecutivo con las determinaciones y conclusiones de éste, 4) apelación ante la Junta de Directores de la A.C.A.A. mediante la celebración de audiencia pública, y, 5) finalmente, revisión ante el Tribunal Superior.

■ El procedimiento anterior debe ser agotado antes de acudirse a los tribunales por la única vía disponible, que es la de revisión. *A.C.A.A.* v. *Tribunal Superior*, 101 D.P.R. 518 (1974). El recurrido, sin embargo, en vez de seguir este procedimiento, instó una demanda separada ante el tribunal de instancia para dilucidar la compensabilidad de su reclamación. Arguye que se debe prescindir en su caso del requisito de agotar los remedios administrativos ya que se encuentra padeciendo de una enfermedad crónica que requiere un tratamiento

inmediato y costoso.[1] Apoya su posición en la regla de exclusión sentada en *Vda. de Iturregui* v. *E.L.A.*, 99 D.P.R. 488 (1970), al efecto de que se puede prescindir de agotar los remedios administrativos cuando la acción administrativa ha de causar un daño inminente material, sustancial y no teórico o especulativo, o, el recurso administrativo constituye una gestión inútil, inefectiva y no ofrece proveer un remedio adecuado.

■ La doctrina de agotamiento de remedios administrativos sólo determina la etapa en que se puede obtener la revisión judicial de una determinación administrativa. *E.L.A.* v. *12,974.78 Metros Cuadrados*, 90 D.P.R. 506 (1964). No altera la jurisdicción primaria del organismo administrativo para formular la determinación inicial cuya revisión se interesa. El alcance pues de la regla que exime el agotamiento de remedios administrativos se limita únicamente a obviar el procedimiento de revisión interna de la agencia para acelerar la revisión judicial ante los tribunales.

■ La aplicación de la regla de exclusión de la doctrina de agotamiento de remedios administrativos al caso de autos sólo tendría el efecto de permitirle al recurrido Quiñones revisar ante el Tribunal Superior la negativa del Director Ejecutivo a pagarle los servicios médico-hospitalarios sin necesidad de agotar el remedio de apelación ante la Junta de Directores de la A.C.A.A., establecido en el citado Art. 11. En forma alguna dicha doctrina autoriza la presentación de una demanda separada contra la A.C.A.A. *cf. A.C.A.A.* v. *Tribunal Superior*, supra.

Como hemos visto, el recurrido acudió directamente al Tribunal Superior sin darle una oportunidad al Director Ejecutivo de considerar su prueba y de hacer un récord de los procedimientos que pudieran servir de base para la revisión

---

[1] Surge de la sentencia recurrida que el recurrido requiere tratamiento de hemodiálisis tres veces por semana a un costo de $150.00 cada tratamiento.

judicial. Las circunstancias aducidas por él—enfermedad crónica que requiere tratamiento inmediato y costoso—puede, sin duda, justificar la regla de exclusión de la doctrina de remedios administrativos, una vez que él le haya dado la oportunidad al Director Ejecutivo de la A.C.A.A. de considerar su prueba y de hacer una adjudicación sobre la compensabilidad de su enfermedad.

*Se expide el auto y se dictará sentencia revocando la recurrida.*

El Juez Asociado, Señor Irizarry Yunqué, concurre con el resultado en voto separado, con el cual concurren los Jueces Asociados, Señores Dávila y Martín.

—O—

Voto separado del Juez Asociado Señor Irizarry Yunqué concurriendo en el resultado, con el cual concurren los Jueces Asociados Señores Dávila y Martín

San Juan, Puerto Rico, a 31 de octubre de 1974

Concurro en el resultado pero es preciso que haya una salvedad. A mi entender, las circunstancias especialísimas de este caso justificaban la orden de entredicho provisional para que la Administración de Compensaciones por Accidentes de Automóviles continuara sufragando los gastos del tratamiento que requería la condición del demandante. Los remedios en equidad existen precisamente para evitar males mayores —en este caso salvar la vida del demandante—cuando no exista otro remedio rápido y eficaz para resolver la situación.

El procedimiento administrativo dispuesto en la Ley de Protección Social por Accidentes de Automóviles, 9 L.P.R.A. sec. 2061, resulta demasiado largo. Como se señala en la sentencia, consiste en "1) investigación de la reclamación por el Director Ejecutivo, 2) celebración de audiencia pública ante el Director Ejecutivo o un examinador designado por éste, debiendo llevar un récord de los procedimientos y de toda la

prueba, 3) notificación al reclamante de las decisiones del Director Ejecutivo con las determinaciones y conclusiones de éste, 4) apelación ante la Junta de Directores de la A.C.A.A. mediante la celebración de audiencia pública, y 5) finalmente, revisión ante el Tribunal Superior."

Ahora bien, el tribunal de instancia no debió entrar en los méritos de la acción y resolver que el demandante tenía derecho al pago de los gastos de su tratamiento, como decisión final, sin que se agotara el procedimiento administrativo.

En conclusión, el tribunal carecía de jurisdicción para resolver la controversia, a menos que se le planteara en revisión de la decisión administrativa final. Pero tenía el poder, como lo tiene todo tribunal de justicia, para conceder el remedio provisional que concedió.

Se dirá que si no tenía jurisdicción en el caso no podía entender para conceder el remedio provisional. A mi juicio tal contención sería técnicamente correcta. Sin embargo, cuando de hacer justicia se trata, no puede haber moldes técnicos que aprisionen los remedios justos. Si no hay el remedio en ley, el tribunal está justificado en crearlo. Después de todo, son tribunales de justicia y no centros académicos para dirimir sutilezas técnicas.

Algún medio había que encontrar para que el demandante no se muriera por falta de tratamiento. Esperar a que se decidiera si la A.C.A.A. debía pagar o no, hubiese resultado tardío. Exigir de la A.C.A.A. que siguiera pagando era lo prudente, aunque a fin de cuentas resultase que no venía obligada a hacerlo. En la balanza de la justicia tenía que pesar más salvar la vida del demandante que el perjuicio que pudiera ocasionarse a los fondos de la A.C.A.A., organización que, después de todo, se creó para aliviar los problemas de las víctimas de accidentes de tránsito. Véase *Morales* v. *Lizarribar*, 100 D.P.R. 717 (1972). Sin duda que obligar a la A.C.A.A. a pagar serviría de estímulo a dicha agencia

para acelerar el trámite administrativo y lograr una decisión final sin dilaciones innecesarias.