MARÍA LUISA SANTIAGO, recurrida, *v.* ADMINISTRACIÓN DE COMPENSACIONES POR ACCIDENTES DE AUTOMÓVILES, peticionaria.

*Número:* O-78-416    *Resuelto:* 17 de enero de 1979

*Eliud Rodríguez Santana, Ignacio Villamarzo García* y *Claudio Ballester Arocho,* abogados de la peticionaria; *Jorge Marín Báez,* abogado de la recurrida.

PER CURIAM: El 15 de julio de 1977 la Administración de Compensaciones por Accidentes de Automóviles (A.C.A.A.) adjudicó al menor M. A. González Malavé, como beneficiario a la muerte de su padre, la suma de $15,000.00, pagaderos a razón de $25.00 semanales. Semanas después el tribunal nombró tutora del menor a la señora María Luisa Santiago, su abuela paterna.

En el procedimiento que culminó en el nombramiento de la tutora, el Tribunal Superior dispuso mediante resolución de 23 de setiembre de 1977 que la indemnización de $15,000.00 concedida al menor debía ser depositada en su totalidad en la secretaría de la corte. Ordenó también el tribunal que se le pusiese en condiciones para fijar los honorarios del abogado del menor, los cuales serían pagados de la indemnización correspondiente a este.

La agencia administrativa solicitó la reconsideración de tal dictamen por dos fundamentos. Argumentó en primer lugar que la determinación de la forma de pago de la indemnización y la designación de tutores para recibir la misma le competen en primera instancia. En segundo término señaló la A.C.A.A. que la fijación de honorarios le correspondía a ella, ya que la acción judicial se encaminó a obtener el nombramiento de la tutora y no a revisar la determinación administrativa. El tribunal denegó la moción de reconsideración.

Acudió en alzada a este foro la agencia administrativa y el 16 de noviembre de 1978 expedimos orden para mostrar causa por la cual no debe revocarse la resolución recurrida.

Hemos examinado la comparecencia realizada en virtud de esta orden y estimamos que procede la revocación, aunque también es de justicia que se tome la providencia que más adelante dictamos.

La Ley de Protección Social por Accidentes de Automóviles, Ley Núm. 138 de 26 de junio de 1968, dispone en su Art. 6(1) (b) y (c), 9 L.P.R.A. sec. 2055(1) (b) y (c):

"(b) Los beneficios por muerte se pagarán a razón del equivalente de $50 semanales por unidad familiar. La Administración determinará mediante reglamento qué es una unidad familiar y cómo se pagará el beneficio cuando no exista ésta.

(c) La Administración podrá autorizar pagos mayores del equivalente de $50 semanales o la liquidación del beneficio en una sola suma, cuando se demuestre que ello resultará en beneficio de la víctima o de sus beneficiarios."

No surge del expediente ante nos que la recurrida haya solicitado la aplicación a este caso del inciso (c) citado. No procedía en consecuencia ordenar la liquidación del beneficio en una suma, acción motivada a todas luces por la difícil situación económica por la que atraviesan el menor y su abuela. Al actuar así el Tribunal Superior invadió la jurisdicción primaria de la agencia.[1] *A.C.A.A.* v. *Tribunal Superior*, 99 D.P.R. 915, 916–17 (1971). Véase *E.L.A.* v. *12,974.78 Metros Cuadrados*, 90 D.P.R. 506, 511 (1964). Debe advertirse también que la Ley Núm. 180 de 23 de julio de 1974, 9 L.P.R.A. sec. 2054, facultó a la A.C.A.A. a designar administrativamente tutores especiales a los fines exclusivamente del pago de las indemnizaciones concedidas.[2]

---

[1] La razón por la cual la suma semanal se redujo a $25.00 en este caso es que a tenor con el inciso (b) antes citado la A.C.A.A. determinó que en casos en que no exista una unidad familiar, como en el presente, ya que está envuelto un solo beneficiario, la suma máxima pagadera semanalmente será de $25.00. Regla 12.1 del Reglamento de la A.C.A.A., 9 R.&R.P.R. sec. 2055-151.

[2] En el caso presente no existe disputa entre las partes sobre la identidad del tutor en sí, ya que tres semanas antes de nombrarse judicialmente tutora a la abuela paterna del menor una oficial de la A.C.A.A. había reco-

■ En lo que respecta a las gestiones del abogado del menor para obtener la indemnización que a este le corresponde, su labor se limitó, como hemos indicado, a actuaciones de índole administrativa. No se recurrió al foro judicial en revisión de las determinaciones de la agencia. En tales circunstancias es claramente a la A.C.A.A. a la que corresponde en primera instancia fijar los honorarios que puedan proceder. Véanse: 9 L.P.R.A. sec. 2055(4) y Regla 7(H) del Reglamento aprobado en virtud de la citada Ley Núm. 138.[3]

■ Queda por aclarar un aspecto importante. Hemos señalado que la adjudicación administrativa de los beneficios correspondientes en este caso ocurrió el 15 de julio de 1977. Hacia inicios de setiembre de ese año estaba en condiciones la agencia de efectuar a la tutora los pagos concedidos al menor. La A.C.A.A., no obstante, no ha realizado hasta la fecha pago alguno en este caso. Ello es contrario al propósito central de la legislación vigente. La A.C.A.A. debe determinar y pagar los beneficios que a su entender procedan, o consignarlos en las secretarías de las cortes, con la debida celeridad, sin perjuicio de que litigue cuestiones relativas a la suma final adeudada u otras que permitan tal desembolso sin afectar los planteamientos jurídicos de la agencia. Debemos señalar también que el nombramiento del tutor en estos casos debe ocurrir con la máxima prontitud.

*En consecuencia se expide el auto y se revoca la resolución recurrida, más se ordena el pago englobado por la agencia recurrente a la tutora, señora María Luisa Santiago, de las sumas adeudadas, a razón de $25.00 semanales, desde el 15 de julio de 1977 hasta la fecha de notificación de esta sentencia. De ahí en adelante continuarán los pagos semanales correspondientes, a menos que la agencia determine en cualquier*

---

mendado su designación administrativa. La A.C.A.A. ha manifestado que se propone hacer los pagos a la referida señora, de tener éxito este recurso.

[3] Esta última provee que los honorarios no serán mayores de un 10% de la compensación adjudicada, hasta un máximo de $400.00.

*momento que procede otra forma de pago bajo el inciso (c) del Art. 6(1) antes citado.*