PEDRO PEÑA VALENTÍN ET AL., demandantes y recurridos, *v.* MIGUEL VÁZQUEZ BÁEZ ET AL., demandados y recurridos; ADMINISTRACIÓN DE COMPENSACIONES POR ACCIDENTES DE AUTOMÓVILES, peticionaria.

*Número:* O-80-239    *Resuelto:* 29 de diciembre de 1980

*Iván Garau Díaz, Alberto Balzac Colón, Ignacio Villamarzo García, René Silva Benoy* y *Darío Bonet Cedó,* abogados de la Administración de Compensaciones por Accidentes de Automóviles; *Ramón Edwin Colón Pratts,* abogado de la parte demandante y recurrida; *Reichard, Reichard, Jr. & Martínez,* abogados de la parte demandada y recurrida.

PER CURIAM: La niña M. Peña resultó herida en un accidente de tránsito. Se demandó al alegado causante de los daños.

Las partes interesan transar el pleito. El tribunal de instancia estima que no debe autorizar la transacción propuesta sin el beneficio de una evaluación médica de los daños sufridos. A tal fin ordenó la evaluación, con cargo a la Administración de Compensaciones por Accidentes de Automóviles.

La A.C.A.A. no es parte en este pleito. La A.C.A.A. brindó a la menor los beneficios médico-hospitalarios requeridos por su condición durante los dos años después del accidente. Sec. 5 de la Ley de Protección Social por Accidentes de Automóviles, Ley Núm. 138 de 26 de junio de 1968, según enmendada, 9 L.P.R.A. sec. 2054(5).[1] La lesionada no ha solicitado, conforme a tal disposición, beneficios médicos adicionales a los rendidos durante los primeros dos años.

---

[1] El primer párrafo de esta sección dispone:

"La víctima tendrá derecho a recibir los servicios médicos, de hospitalización, casas de convalecencia, rehabilitación y medicinas que su condición, razonablemente, requiera durante el término de dos años subsiguientes al accidente. En los casos de parapléjicos y cuadrapléjicos y en los casos de trauma severo y/o de fracturas múltiples con complicaciones de tal naturaleza que requiera atención médica prolongada, se podrán prestar dichos servicios por un término mayor a dos años según lo disponga la Junta mediante reglamento."

La A.C.A.A. ha acudido a este Tribunal en revisión de la orden emitida para que ella asuma el costo del peritaje a realizarse. Hemos paralizado los procedimientos en instancia y emitido orden de mostrar causa por la cual no debe revocarse la providencia de que se recurre.

La Ley de Protección Social por Accidentes de Automóviles no impone a la A.C.A.A. la obligación de costear los peritos que el tribunal o las partes exijan para la dilucidación de un pleito privado en el cual no es partícipe esta agencia. Tan solo puede exigirse la disponibilidad, por los procedimientos correspondientes, de las evaluaciones y exámenes realizados por la A.C.A.A. en el curso de los beneficios médico-hospitalarios ofrecidos.

Si bien procede en consecuencia la revocación de la orden dictada, el Tribunal Superior continúa con jurisdicción en este caso. Contrario al argumento de la A.C.A.A., no está envuelta aquí cuestión alguna relativa a la alegada jurisdicción primaria de la agencia. El caso presente es por entero distinto a *A.C.A.A.* v. *Tribunal Superior,* 99 D.P.R. 915 (1971); *A.C.A.A.* v. *Tribunal Superior,* 101 D.P.R. 518 (1973); *Mercado Santini* v. *Tribunal Superior,* 101 D.P.R. 523 (1973), y *Santiago* v. *A.C.A.A.,* 108 D.P.R. 285 (1979). En estos litigios se intentó ventilar directamente en el foro judicial reclamaciones contra la A.C.A.A. En el caso de autos, la A.C.A.A. no es parte ni se le reclama beneficio alguno que la ley otorgue.

En tales circunstancias, el tribunal de instancia resolverá, conforme lo expuesto, si basta con las evaluaciones efectuadas anteriormente por la agencia, las cuales pueden ser ya obsoletas, o si es más aconsejable ordenar, bajo las Reglas 32.1 y 23.1(c), (3) y (4) de Procedimiento Civil, el reexamen de la condición de la menor.

*Se expide el auto, se revoca la orden recurrida y se devuelve el caso a instancia para ulteriores procedimientos consistentes con esta opinión.*