CC-2000-416                                                          1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Constructora Celta, Inc. <br>      Peticionaria <br><br>            v. <br><br> Autoridad de los Puertos de Puerto Rico <br>    Recurrida | Certiorari <br><br> 2001 TSPR 169 <br><br> 155 DPR _____ |

Número del Caso: CC-2000-416

Fecha: 10/diciembre/2001

Tribunal de Circuito de Apelaciones:
                        Circuito Regional I

Juez Ponente:
                        Hon. Lady Alfonso de Cumpiano

Abogados de la Parte Peticionaria:
                        Lcda. Rebeca Barnés Rosich
                        Lcdo. Antonio F. Molina Pérez

Abogados de la Parte Recurrida:
                        Lcdo. Neville Ortiz Soto
                        Lcdo. Juan B. Soto Balbas

Materia: Revisión Administrativa

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**

**Constructora Celta, Inc.**

  **Peticionaria**

  **v.**                                 **CC-2000-416       Certiorari**

**Autoridad de los Puertos
de Puerto Rico**

  **Recurrida**

**Opinión del Tribunal emitida por el Juez Asociado señor Hernández Denton**

**San Juan, Puerto Rico, a 10 de diciembre de 2001.**

Constructora Celta nos solicita que revoquemos una Sentencia del Tribunal de Circuito de Apelaciones que desestimó un recurso de revisión presentado ante dicho foro por no haberse agotado los remedios administrativos. Dicha empresa había recurrido a dicho foro apelativo para impugnar la adjudicación de una subasta sin haber solicitado reconsideración ante la Junta Apelativa de Subastas, según requerido por el Reglamento de Subastas de la Autoridad. Confirmamos.

**I**

En el año 1999, la Autoridad de los Puertos de Puerto Rico (en adelante Puertos), subastó la construcción de un proyecto denominado "Rehabilitation of Wharves A, B, E & F, Puerto Nuevo Waterfront San Juan, Puerto Rico". A dicha subasta compareció Constructora Celta, Inc. (en adelante Celta) junto a otros licitadores. Notificada por Puertos de que la subasta fue adjudicada a otro licitador, Misener Marine Construction, (en adelante Misener), Celta recurrió directamente al Tribunal de Circuito de Apelaciones sin haber solicitado reconsideración ante la Junta Apelativa de Subastas. Ante dicho foro apelativo sostuvo que la Junta de Subastas erró al determinar que Celta carecía de experiencia al adjudicar la subasta a Misener.

Oportunamente Misener solicitó la desestimación de dicho recurso alegando que el foro apelativo carecía de jurisdicción porque Celta no agotó los remedios administrativos provistos por el Reglamento de Subastas de la Autoridad de Puertos. El Tribunal de Circuito de Apelaciones acogió dicho fundamento y desestimó el recurso.

Inconforme, Celta acude ante nos mediante una petición de certiorari en la que esencialmente expone que el Tribunal de Circuito de Apelaciones erró al entender que la presentación de una moción de reconsideración ante la Junta de Apelaciones de Subastas es un remedio que hay que agotar antes de acudir en revisión judicial de la decisión administrativa. Después de examinar los alegatos de todas las partes estamos en posición de resolver.

**II**

La Sección 3.19 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (en adelante la L.P.A.U.), 3 L.P.R.A. Sec. 2169, que rige la adjudicación de subastas en las agencias administrativas, expresamente dispone que estos procedimientos serán informales. Además delega a cada una de las agencias concernidas la reglamentación de las normas y términos de dichos procedimientos. Véase, RBR Construction v. Autoridad de Carreteras, res. el 22 de diciembre de 1999, 99 TSPR 184; Cotto v. Depto. de Educación, 138 D.P.R. 658 (1995) Por ende, "[l]a reglamentación de los procedimientos será de la entera competencia

de los organismos administrativos concernidos. Para ello será menester adoptar un reglamento con fuerza de ley por cada agencia." D. Fernández Quiñónez, Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme, Segunda Ed., pág. 202-203 (2001).

A tenor con dicha facultad, la Autoridad de los Puertos aprobó el Reglamento 900 de Subastas estableciendo las normas a seguir en la celebración de subastas efectuadas por la entidad con relación a la compra de materiales, equipo, mobiliario, suministro de servicios, contratación de proyectos de construcción o de mantenimiento, y la venta de propiedad excedente o abandonada. Dicho Reglamento fue aprobado por la Autoridad con el propósito de conformar sus reglamentos de adjudicación de subastas a lo dispuesto por la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. sec. 2105, y fue debidamente radicado en el Departamento de Estado. Véase además, Mar-Mol Co.,Inc. v. Adm. Servicios Gens., 126 D.P.R. 864, 874 (1990); y el Reglamento 900 de Subastas de la Autoridad de los Puertos, aprobado el 10 de agosto de 1990 (en adelante el Reglamento).

El Reglamento creó una Junta de Subastas para evaluar las propuestas y hacer recomendaciones al Director Ejecutivo de Puertos para la adjudicación correspondiente. También establece una Junta Apelativa de Subastas con jurisdicción para resolver las mociones de reconsideración presentadas por los licitadores adversamente afectados por una decisión de la Junta de Subastas. En específico se le delegó a la Junta Apelativa la "jurisdicción sobre los casos de reconsideración que radiquen los licitadores después de haber comparecido a una subasta." Reglamento, supra, sec. 900.10 A(2).

Sobre este extremo el Reglamento también contiene un procedimiento apelativo con términos breves para presentar la apelación y acudir en revisión judicial según lo preceptuado por la L.P.A.U. En específico la Sección 900.10 del Reglamento requiere que cualquier impugnación de las decisiones adjudicando una subasta se haga mediante una moción de reconsideración presentada ante la Junta Apelativa de Subastas dentro del término de diez días naturales contados a partir de la fecha de notificación

de la subasta en cuestión. Id., sec. 900.10 D. Se exige, además, que junto con la moción de reconsideración el apelante someta una fianza para garantizar los daños que pueda ocasionar su apelación a la Autoridad. La Junta deberá considerar la moción dentro de los diez días de haberse presentado y su decisión deberá incluir las conclusiones de hechos y de derecho en que se fundamenta.

Por otro lado, según lo requerido por la Sección 3.19 de la L.P.A.U., 3 L.P.R.A. sec. 2169, el Reglamento también dispone que, si la Junta de Apelaciones toma alguna decisión en reconsideración, el término para acudir en revisión judicial empezará a contar desde la fecha en que se archiva en autos una copia de la notificación de la decisión de la Junta de Apelaciones. No obstante, si no se toma acción alguna dentro de los diez días de haberse presentado la moción de reconsideración, se entenderá que el recurso ha sido rechazado de plano, y a partir de esa fecha comenzará a correr el término para la revisión judicial. 3 L.P.R.A. sec. 2169.

Debemos recordar además que, la L.P.A.U. reconoce el derecho de la parte adversamente afectada por la decisión final a solicitar revisión judicial de la determinación administrativa dentro de los términos fijados por ley. 3 L.P.R.A. sec. 2172; L.P.C. & D. Inc. v. Autoridad de Carreteras y Transportación, res. el 27 de diciembre de 1999, 99 TSPR 185. Así pues, los procedimientos de adjudicación de subastas son informales, pero los procesos de reconsideración y de revisión judicial, son formales. Véase, Velásquez v. Administración de Terrenos, res. el 7 de marzo de 2001, 2001 TSPR 31; Cotto v. Depto. de Educación, supra, en la pág. 663.

Uno de los requisitos con los cuales debe cumplir la parte afectada por una decisión administrativa al acudir a los tribunales para la revisión judicial de dicha decisión, es el de agotar los remedios administrativos. Con el requisito del agotamiento se evita una intervención judicial innecesaria y a destiempo que tienda a interferir con el cauce y desenlace normal del procedimiento administrativo. Delgado Rodríguez v. Nazario, 121 D.P.R. 347 (1988). Además, se facilita la revisión judicial y se asegura que los tribunales tengan información más precisa sobre los fundamentos de

la actuación gubernamental para poder tomar una decisión más informada sobre el recurso instado. Rivera v. E.L.A., 121 D.P.R. 582 (1988).

Este requisito surgió inicialmente como uno de carácter jurisprudencial. Véase, e.g., Fournier v. Tribunal Superior de Puerto Rico, 101 D.P.R. 518 (1973). Sin embargo, la L.P.A.U. lo codificó en su Sección 4.2 al especificar que:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Circuito de Apelaciones... 3 L.P.R.A. sec. 2172 (énfasis suplido).

Esta exigencia de agotar remedios administrativos es una que no debe ser soslayada, a menos que se configure alguna de las excepciones que bajo nuestro ordenamiento jurídico justifican preterir dicho cauce. Véase sobre este extremo a Igartúa de la Rosa v. Administración del Derecho al Trabajo, res. el 23 de diciembre de 1998, 98 TSPR 170; y la Sección 4.3 de la L.P.A.U., 3 L.P.R.A. sec. 2173.

En lo que respecta a la revisión judicial de las subastas, la Sección 4.2 de la L.P.A.U. expresamente dispone que solamente se podrán revisar las decisiones de la agencia que finalmente adjudiquen las controversias entre las partes:

> **En los casos de impugnación de subasta, la parte adversamente afectada por una orden o resolución final de la agencia, o de la entidad apelativa de subastas, según sea el caso, podrá presentar una solicitud de revisión ante el Tribunal de Circuito de Apelaciones, dentro de un término de 10 días contados a partir del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o la entidad apelativa, o dentro de los 10 días de haber transcurrido el plazo dispuesto por la sec. 2169 de este título ..." 3 L.P.R.A. sec. 2172 (énfasis suplido).**

**Como vemos, las resoluciones administrativas que pueden ser revisadas judicialmente deben ser finales. Además, tienen que estar debidamente fundamentadas de tal forma que puedan ser adecuadamente revisadas por los Tribunales. L.P.C. & D. Inc. v. Autoridad de Carreteras y Transportación, supra.**

**Conforme a las disposiciones reglamentarias y legales aludidas, concluimos que en los casos de impugnación de subastas de la Autoridad**

**el licitador que está inconforme con una decisión tiene que presentar una moción de reconsideración ante la Junta Apelativa de Subastas antes de acudir en revisión judicial. En el caso particular de autos, donde el Reglamento que rige los procedimientos de adjudicación de las subastas establece una entidad administrativa apelativa para considerar las impugnaciones de dichas adjudicaciones, no cabe duda de que un licitador impugnador tiene que agotar este remedio administrativo antes de acudir al Tribunal de Circuito de Apelaciones.** Mar-mol Co., Inc. v. Adm. Servicios Gens., supra.

III

En el presente caso, la parte peticionaria presentó directamente recurso de revisión ante el Tribunal de Circuito de Apelaciones, sin acudir previamente a la Junta Apelativa mediante una moción de reconsideración.

No cabe duda de que la resolución u orden final de la que puede recurrirse ante el Tribunal de Circuito es la determinación de la Junta Apelativa. La carta del 14 de diciembre de 1999 que recibió el Sr. Miguel Redondo, Presidente de Celta Construction, y de la cual recurrió, no era más que la notificación del resultado de la subasta. Esta carta advirtió debidamente a Celta que si no estaba conforme con la decisión tenía que presentar una moción de reconsideración en diez (10) días ante la Junta Apelativa de Subastas. Sin embargo Celta ignoró dicha notificación y, en vez de acudir a la Junta Apelativa de Subastas, fue directamente al Tribunal de Circuito de Apelaciones.

Como correctamente concluyó el Tribunal de Circuito de Apelaciones, el análisis de dicho recurso de revisión refleja que los errores alegados son precisamente los que por su experiencia la Junta estaba en mejor posición para adjudicar. Los mismos esencialmente cuestionaban que la decisión violó disposiciones legales y reglamentarias, y que el licitador agraciado no cumplía con las especificaciones de la subasta. Como bien señaló el foro apelativo "[c]ontrario a lo alegado por Celta, no hay en el recurso cuestión de derecho envuelta que competa ser dilucidada por los tribunales en primera

instancia, ni se dan las otras circunstancias de agotamiento de los remedios administrativos."

El procedimiento correcto era acudir primero a la Junta Apelativa, pues hasta que la resolución de ésta no se emite, no empieza a correr el término en el cual puede recurrirse a la revisión judicial. No encontramos razones para determinar que en este caso podía obviarse este recurso administrativo, por lo que debió agotarse este remedio antes de acudir al Tribunal de Circuito. Resolver lo contrario permitiría que se acuda directamente a los tribunales de una decisión carente de determinaciones y conclusiones para sustentarla, cuando hay un organismo apelativo administrativo como la Junta Apelativa de Subastas quien tiene la responsabilidad de adjudicar las apelaciones mediante decisiones debidamente fundamentadas y que pueden ser revisadas por los Tribunales adecuadamente.

Además, acudir a destiempo directamente al foro judicial trae como resultado que Celta no tenga que cumplir con el requisito reglamentario obligatorio de prestación de fianza para acudir a la Junta Apelativa.

Finalmente, contrario a lo expuesto por Celta en su recurso ante nos, los problemas que tuvieron para examinar el expediente de la subasta no le impidieron la presentación de una moción de reconsideración ante la Junta Apelativa. Recordemos que la notificación del resultado de la subasta exige que ésta, además de informar la disponibilidad y el procedimiento para solicitar reconsideración, esté fundamentada, aunque sea de forma sumaria. RBR Construction, S.E. v. Autoridad de Carreteras, res. el 22 de diciembre de 1999, 99 TSPR 184. De aquí se deduce que, si se conocen las razones de la adjudicación de la subasta a otro licitador, el que impugna la misma tiene suficiente información para justificar su apelación administrativa.

Las dificultades de Celta para obtener el expediente no eran impedimento para presentar el recurso de reconsideración a tiempo, tal y como ésta alega. En la carta de adjudicación se le notificaba el fundamento para rechazar su propuesta, y éste era que Celta no tenía la experiencia requerida para la complejidad, costo y magnitud del proyecto. Partiendo

de esta notificación, Celta podía presentar un recurso de reconsideración similar al presentado ante el Tribunal de Circuito.

Por los fundamentos expuestos anteriormente procede que se expida el auto de certiorari y se dicte una Sentencia confirmando la decisión del Tribunal de Circuito de Apelaciones.


Federico Hernández Denton
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Constructora Celta, Inc.

   Peticionaria

   v.                                  CC-2000-416      Certiorari

Autoridad de los Puertos
de Puerto Rico

   Recurrida

SENTENCIA


San Juan, Puerto Rico, a 10 de diciembre de 2001.


Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se confirma la sentencia del Tribunal de Circuito de Apelaciones.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri disiente sin opinión escrita. El Juez Presidente señor Andréu García, inhibido.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo