| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL XI | | |
| JOSUÉ ORTIZ COLÓN<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACION<br><br>Recurrida | KLRA202400074 | Revisión Administrativa procedente del Departamento de Corrección y Rehabilitación, División de Remedios Administrativos<br><br>Remedio Administrativo Núm.: ICG-1721-2023<br><br>Sobre:<br>Corrección Hoja de Control sobre Liquidación de Sentencias |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 7 de marzo de 2024.

Comparece el señor José Ortiz Colón (señor Ortiz Colón o recurrente) vía revisión administrativa para solicitar la revocación de la *Respuesta al Miembro de la Población Correccional* emitida el 6 de diciembre de 2023 y notificada el 21 de diciembre de 2023 por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (DCR). Mediante el referido dictamen, la agencia recurrida denegó corregir la *Hoja de Control sobre Liquidación de Sentencia* del recurrente. Por los fundamentos que expondremos a continuación, desestimamos el presente recurso por falta de jurisdicción.

En síntesis, el caso de epígrafe trata de una *Solicitud de Revisión de Decisión Administrativa* presentada por el señor Ortiz Colón ante la

División de Remedios Administrativos (División) del DCR. En esta petición, el recurrente adujo que un técnico de récord expidió una *Hoja de Control sobre Liquidación de Sentencia,* cuyo contenido establece que el 16 de agosto de 2024 cumplirá el periodo mínimo de su sentencia. Sin embargo, contiende que dicho documento debió indicar que cumplirá el término mínimo el 16 de enero de 2024 de conformidad a las enmiendas incorporadas al Código Penal a través de la Ley Núm. 85-2022. Tras examinar la referida solicitud, el Evaluador de la División determinó que la computación de la liquidación de sentencia es correcta.

En desacuerdo, el señor Ortiz Colón presentó una *Solicitud de Reconsideración* ante la División. Evaluados sus argumentos, la División denegó conceder la petición. Brevemente dispuso que el técnico de récord certificó que la liquidación de sentencia está correcta. Inconforme con el dictamen agencial, acudió ante nos mediante el recurso de epígrafe. En esencia, señaló que el DCR actuó arbitraria y caprichosamente al denegar la corrección de la liquidación de su sentencia.

La Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003 (4 LPRA sec. 24) delimita la facultad revisora del Tribunal de Apelaciones. El Artículo 4.006 de la precitada ley permite recurrir al foro apelativo "[m]ediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas". (4 LPRA sec. 24y). Cónsono con lo anterior, la Sección 4.2 de la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 38-2017 (3 LPRA sec. 9672) dispone que una parte adversamente

afectada por una orden o resolución final, que haya agotado todos los remedios administrativos, podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones. Dicha sección, a su vez, establece que una determinación interlocutoria no será revisable ante el foro apelativo. En virtud de tales preceptos, la Regla 56 del Reglamento del Tribunal de Apelaciones (4 LPRA A. XXII- B, R. 56) limita la jurisdicción apelativa a la revisión de las determinaciones administrativas finales.

En esa dirección, la Sección 3.14 preceptúa los componentes distintivos de un dictamen final. En específico, esa disposición establece que una resolución u orden final debe incluir (1) determinaciones de hechos, (2) conclusiones de derecho y (3) una advertencia sobre el derecho a solicitar reconsideración o revisión judicial. *Crespo Claudio v. O.E.G.*, 173 DPR 804 (2008). En armonía con tales criterios, el Tribunal Supremo de Puerto Rico reitera que en el ámbito administrativo "una orden o resolución final tiene las características de una sentencia en un procedimiento judicial porque resuelve finalmente la cuestión litigiosa y de la misma puede apelarse o solicitarse revisión". *Comisionado Seguros v. Universal*, 167 DPR 21, 29 (2006); *J. Exam. Tec. Med. v. Elías et al*, 144 DPR 483, 490 (1998).

Este esquema jurídico procura el agotamiento de remedios administrativos, cuya finalidad posibilita la culminación de los casos ante la agencia previo a acudir al foro judicial. *Acevedo v. Mun. de Aguadilla,* 153 DPR 788 (2001). La aludida normativa doctrinal permite que la determinación objeto de revisión judicial refleje "la posición final de la entidad administrativa". Íd., pág. 802. De tal modo, se evita que la parte interesada obvie "el procedimiento de revisión

interna de la agencia a fin de acelerar la revisión judicial". *Mun. de Caguas v. At & T*, 154 DPR 401, 407 (2001). *Quiñones v. A.C.A.A., 102 DPR 746*, 749 (1974).

Por otro lado, el DCR adoptó el Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional, Reglamento Núm. 8583, 4 de mayo de 2015 (Reglamento Núm. 8583) en virtud del Plan de Reorganización del Departamento de Corrección y Rehabilitación del 2011, Núm. 2-2011. El precitado cuerpo reglamentario dispone que, al presentarse una solicitud de remedio administrativo, un Evaluador estaría a cargo de recopilar, recibir, evaluar y contestar la solicitud de remedio administrativo conforme a la respuesta emitida por el superintendente de la institución correccional. Regla IV (11), Reglamento Núm. 8583, *supra*. La respuesta administrativa consiste en un "[e]scrito emitido por el Evaluador, en el cual se contesta la solicitud del remedio administrativo radicada por el miembro de la población correccional". Regla IV (20), Reglamento Núm. 8583, *supra*.

Si el confinado resulta inconforme con la respuesta del Evaluador, entonces le corresponde al Coordinador de la División emitir una determinación denominada *Resolución de Reconsideración*. Dicha resolución comprende un "[e]scrito emitido por el Coordinador, en el cual se contesta la solicitud de reconsideración acogida, radicada por el miembro de la población correccional". Regla IV (21), Reglamento Núm. 8583, *supra*. Ese dictamen "deberá contener un (1) breve resumen de los hechos que motivaron la solicitud, (2) el derecho aplicable y (3) la disposición o solución a la controversia planteada". Íd.

A tenor con los preceptos legales citados y la norma jurisprudencial gobernante, resulta evidente que nuestra facultad está limitada a revisar aquella *Resolución de Reconsideración* emitida por el Coordinador de la División. En aras de viabilizar nuestra facultad revisora, el dictamen administrativo debe exhibir determinaciones de hechos, conclusiones de derecho y la disposición de la controversia planteada tal como exige el Reglamento Núm. 8583, *supra*. Una resolución con tales elementos es susceptible de considerarse como final dentro del esquema administrativo, y, por tanto, queda sujeta a la revisión judicial.

En vista de lo anterior, reiteramos el pronunciamiento que emitimos en *Vega Feliciano v. Departamento de Corrección y Rehabilitación*, KLRA2016–00453: la Regla XIV (4) y la Regla XV (1) del Reglamento Núm. 8583, *supra*, son nulas, excepto en la parte que se concede treinta (30) días laborables al referido Coordinador para emitir su *Resolución de Reconsideración*. Estas disposiciones reglamentarias son incompatibles con nuestro ordenamiento administrativo y con las normas de autolimitación judicial, toda vez que permiten al DCR eludir su deber ministerial de emitir una determinación administrativa final. Asimismo, habilitan a los confinados a acudir ante este Tribunal de Apelaciones para solicitar revisión de una mera respuesta administrativa carente de determinaciones de hechos, conclusiones de derecho, y sin disponer concreta y finalmente de la controversia mediante una resolución final. Véanse, además, *Rivera Díaz v. Departamento de Corrección y Rehabilitación,* KLAN202000654*; Toro León v. Departamento de Corrección y Rehabilitación*, KLRA201800150; *Serrano Casanova v.*

*Departamento de Corrección y Rehabilitación,* KLRA201700588; *González Rivera* v. *Departamento de Corrección y Rehabilitación*, KLRA201601193; *Jason O. Flores Torres v. Departamento de Corrección y Rehabilitación*, KLRA2016-00056; *García Ojeda v. Departamento de Corrección y Rehabilitación,* KLRA201600786.

A la luz de la normativa de derecho administrativo esbozada, determinamos que no ostentamos jurisdicción para ejercer nuestras facultades revisoras en el caso presente. La determinación agencial recurrida no exhibe los elementos distintivos de una resolución final de conformidad a los parámetros establecidos en el Reglamento 8583, *supra*. Veamos.

Surge del expediente ante nuestra consideración, que el señor Ortiz Colón presentó una *Solicitud de Reconsideración* a los fines de que se atendiera su inconformidad en torno a una *Respuesta* emitida por el Evaluador de la División. Sometida dicha petición, entonces le correspondía al Coordinador de la División emitir una *Respuesta de Reconsideración* que incluyera determinaciones de hechos, conclusiones de derecho y la disposición de la controversia planteada. Sin embargo, no consta del expediente un dictamen con tales elementos. Ante tales circunstancias, nos encontramos imposibilitados de ejercer nuestra facultad revisora.

Por los fundamentos expuestos, desestimamos el recurso de epígrafe al amparo de la Regla 83 del Reglamento del Tribunal de Apelaciones del Reglamento del Tribunal de Apelaciones (4 LPRA A. XXII- B, R. 83). Consecuentemente, devolvemos el caso al DCR para que en (30) días laborables el Coordinador de la División de Remedios emita una *Resolución de Reconsideración* que exhiba los componentes

esenciales de un dictamen administrativo final susceptible a la revisión judicial.

Se ordena a la Secretaría a notificar copia de esta *Sentencia* al Secretario del Departamento de Corrección y Rehabilitación y a la Procuradora General. Asimismo, el Secretario del Departamento deberá entregar copia de esta *Sentencia* al recurrente, en cualquier institución correccional donde éste se encuentre.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Álvarez Esnard disiente sin escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones