Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| ANTONIO BELTRÁN MARTÍNEZ

Recurrente

v.

DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN

Recurrida | KLRA202300664 | Revisión Administrativa procedente del Departamento de Corrección y Rehabilitación, División de Remedios Administrativos

Remedio Administrativo Núm.: GMA1000-236-23 Núm.: GMA1000-237-23

Sobre: Solicitud de Reconsideración |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de marzo de 2024.

Comparece el señor Antonio Beltrán Martínez (señor Beltrán Martínez o recurrente) vía revisión administrativa y nos solicita la revocación de dos dictámenes administrativos: (1) la *Respuesta de Reconsideración al Miembro de la Población Correccional* (GMA 100-236-23) emitida el 6 de diciembre de 2023 y (2) la *Respuesta al Miembro de la Población Correccional* (GMA100-237-23) emitida el 5 de diciembre de 2023 por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (DCR). Por los fundamentos que expondremos a continuación, confirmamos la primera y desestimamos la segunda.

La génesis de este caso se remonta a la presentación de dos escritos denominados *Solicitud de Remedios Administrativos* ante la

Número Identificador

SEN2024 _____

División de Remedios Administrativos (División) del Departamento de Corrección y Rehabilitación. En síntesis, en la primera solicitud el recurrente adujo ser víctima de represalia por parte de cuatro oficiales correccionales durante un incidente ocurrido el 9 de agosto de 2023. Aseveró que tras denunciar que un oficial correccional le solicitó favores sexuales, éstos acudieron a su celda donde le rociaron gas pimienta y le agredieron físicamente ocasionándole una herida en su cabeza que requirió atención médica. Ante tales alegaciones, solicitó que la agencia recurrida atendiera su reclamo e iniciara el correspondiente proceso investigativo. Tras examinar su petición, el organismo administrativo determinó que la reclamación se presentó tardíamente. Oportunamente, el recurrente solicitó reconsideración. Evaluados sus argumentos, el DCR modificó la respuesta previamente emitida, y puntualizó que procedía la desestimación del recurso por haberse presentado tardíamente a tenor con la Regla XII del Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional.

Posteriormente, la agencia recurrida atendió la segunda solicitud presentada por el recurrente. En esta petición, requirió -fundamentado en los mismos hechos- la producción de un informe al amparo de la Ley Contra la Violencia en las Cárceles (PREA, por sus siglas en inglés). Examinada su solicitud, el DCR emitió una *Respuesta al Miembro de la Población Correccional* en la cual dispuso que no existen los elementos para la radicación de un informe de conformidad a la precitada ley.

En desacuerdo con tal determinación, el señor Beltrán Martínez acudió ante este Tribunal mediante un recurso de revisión

administrativa. En esencia, señaló que incidió el DCR al determinar que no tenía jurisdicción para atender su primera petición y que erró al denegar la radicación de un informe de PREA.

En respuesta, el DCR presentó su *Escrito en Cumplimiento de Orden*. Reiteró que actuó correctamente al decretar la desestimación de su reclamo debido a que el recurrente presentó su solicitud en incumplimiento con el término reglamentario. A su vez, advirtió éste solicitó la radicación de un informe de PREA con el propósito de remover al oficial correccional que le impuso un ponche de seguridad. Por tanto, enfatizó que no existen los elementos para rendir un informe de tal naturaleza.

La Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003 (4 LPRA sec. 24) delimita la facultad revisora del Tribunal de Apelaciones. El Artículo 4.006 de la precitada ley permite recurrir al foro apelativo "[m]ediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas". (4 LPRA sec. 24y). Cónsono con lo anterior, la Sección 4.2 de la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 38-2017 (3 LPRA sec. 9672) dispone que una parte adversamente afectada por una orden o resolución final, que haya agotado todos los remedios administrativos, podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones. Dicha sección, a su vez, establece que una determinación interlocutoria no será revisable ante el foro apelativo. En virtud de tales preceptos, la Regla 56 del Reglamento del Tribunal de Apelaciones (4 LPRA A. XXII- B, R. 56) limita la jurisdicción apelativa a la revisión de las determinaciones administrativas finales.

En esa dirección, la Sección 3.14 preceptúa los componentes distintivos de un dictamen final. En específico, esa disposición establece que una resolución u orden final debe incluir (1) determinaciones de hechos, (2) conclusiones de derecho y (3) una advertencia sobre el derecho a solicitar reconsideración o revisión judicial. *Crespo Claudio v. O.E.G.*, 173 DPR 804 (2008). En armonía con tales criterios, el Tribunal Supremo de Puerto Rico reitera que en el ámbito administrativo "una orden o resolución final tiene las características de una sentencia en un procedimiento judicial porque resuelve finalmente la cuestión litigiosa y de la misma puede apelarse o solicitarse revisión". *Comisionado Seguros v. Universal*, 167 DPR 21, 29 (2006); *J. Exam. Tec. Med. v. Elías et al*, 144 DPR 483, 490 (1998).

Este esquema jurídico procura el agotamiento de remedios administrativos, cuya finalidad posibilita la culminación de los casos ante la agencia previo a acudir al foro judicial. *Acevedo v. Mun. de Aguadilla,* 153 DPR 788 (2001). La aludida normativa doctrinal permite que la determinación objeto de revisión judicial refleje "la posición final de la entidad administrativa". Íd., pág. 802. De tal modo, se evita que la parte interesada obvie "el procedimiento de revisión interna de la agencia a fin de acelerar la revisión judicial". *Mun. de Caguas v. At & T*, 154 DPR 401, 407 (2001); *Quiñones v. A.C.A.A.,* 102 DPR 746, 749 (1974).

Por otro lado, el DCR adoptó el Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional, Reglamento Núm. 8583, 4 de mayo de 2015 (Reglamento Núm. 8583) en virtud del Plan de Reorganización

del Departamento de Corrección y Rehabilitación del 2011, Núm. 2-2011. El precitado cuerpo reglamentario dispone que el miembro de la población correccional tendrá quince (15) días calendario, contados a partir de advenir en conocimiento de los hechos que motivan su solicitud, salvo que medie justa causa o caso fortuito que impidan su presentación. Regla XII (2), Reglamento Núm. 8583, *supra.* Al respecto, constituye justa causa o caso fortuito que el miembro de la población correccional (1) se encuentre hospitalizado, (2) esté siendo trasladado a otra institución o (3) que se encuentre imposibilitado de forma alguna de cumplir con el término establecido. Íd.

Al presentarse una solicitud de remedio administrativo, un Evaluador estará a cargo de recopilar, recibir, evaluar y contestar la solicitud de remedio administrativo conforme a la respuesta emitida por el superintendente de la institución correccional. Regla IV (11), Reglamento Núm. 8583, *supra*. La respuesta administrativa consiste en un "[e]scrito emitido por el Evaluador, en el cual se contesta la solicitud del remedio administrativo radicada por el miembro de la población correccional". Regla IV (20), Reglamento Núm. 8583, *supra*.

Si el confinado resulta inconforme con la respuesta del Evaluador, le corresponde presentar una *Solicitud de Reconsideración* dentro del término de veinte (20) días contados a partir del recibo de la notificación según dispone el cuerpo reglamentario agencial. Regla XIV (1), Reglamento Núm. 8583, *supra*. En tal caso, el Coordinador de la División emitirá una *Respuesta de Reconsideración*. Dicha resolución comprende un "[e]scrito emitido por el Coordinador, en el cual se contesta la solicitud de reconsideración acogida, radicada por el miembro de la población correccional". Regla IV (21), Reglamento

Núm. 8583, *supra.* Ese dictamen "deberá contener un (1) breve resumen de los hechos que motivaron la solicitud, (2) el derecho aplicable y (3) la disposición o solución a la controversia planteada". Íd.

A tenor con los preceptos legales citados y la norma jurisprudencial gobernante, resulta evidente que nuestra facultad está limitada a revisar aquella *Respuesta de Reconsideración* emitida por el Coordinador de la División. En aras de viabilizar nuestra facultad revisora, el dictamen administrativo debe exhibir determinaciones de hechos, conclusiones de derecho y la disposición de la controversia planteada tal como exige el Reglamento Núm. 8583, *supra*. Una resolución con tales elementos es susceptible de considerarse como final dentro del esquema administrativo, y, por tanto, queda sujeta a la revisión judicial.

En vista de lo anterior, reiteramos el pronunciamiento que emitimos en *Vega Feliciano v. Departamento de Corrección y Rehabilitación*, KLRA2016–00453: la Regla XIV (4) y la Regla XV (1) del Reglamento Núm. 8583, *supra*, son nulas, excepto en la parte que se concede treinta (30) días laborables al referido Coordinador para emitir su *Respuesta de Reconsideración*. Estas disposiciones reglamentarias son incompatibles con nuestro ordenamiento administrativo y con las normas de autolimitación judicial, pues permiten al DCR eludir su deber ministerial de emitir una determinación administrativa final. Asimismo, habilitan a los confinados a acudir ante este Tribunal de Apelaciones para solicitar revisión de una mera respuesta administrativa carente de determinaciones de hechos, conclusiones de derecho, y sin disponer

concreta y finalmente de la controversia mediante una resolución final. Véanse, además, *Rivera Díaz v. Departamento de Corrección y Rehabilitación,* KLAN202000654*; Toro León v. Departamento de Corrección y Rehabilitación*, KLRA201800150; *Serrano Casanova v. Departamento de Corrección y Rehabilitación,* KLRA201700588; *González Rivera* v. *Departamento de Corrección y Rehabilitación*, KLRA201601193; *Jason O. Flores Torres v. Departamento de Corrección y Rehabilitación*, KLRA2016-00056; *García Ojeda v. Departamento de Corrección y Rehabilitación,* KLRA201600786.

Surge del expediente ante nuestra consideración que el recurrente solicitó reconsideración ante el Coordinador de la División respecto al primer dictamen administrativo. Evaluada su solicitud, la agencia recurrida determinó que el incidente que motivó su presentación ocurrió el 9 de agosto de 2023. Sin embargo, señaló que el recurrente sometió su petición el 22 de septiembre de 2023. Así expuesto, resolvió que la presentación de dicha solicitud ocurrió fuera del término establecido en la Regla XII (2) del Reglamento Núm. 8583, *supra*.

Al respecto, es claro que la referida disposición reglamentaria establece que el miembro de la población correccional presentará su reclamo dentro de los quince (15) días contados desde que adviene en conocimiento de los hechos que motivan su solicitud. Como no surge del expediente que la *Solicitud de Remedio Administrativo* haya sido interpuesta oportunamente, no identificamos fundamentos jurídicos para intervenir en el dictamen de la agencia, pues es cónsono con la ley vigente en nuestro ordenamiento administrativo y el cuerpo reglamentario pertinente.

En cuanto al segundo dictamen recurrido, consta en el expediente la *Respuesta al Miembro de Población* emitida por la Evaluadora de la División. No obstante, advertimos que dicha respuesta no constituye una determinación administrativa final. Una vez el recurrente recibió la mencionada determinación, le correspondía agotar los remedios administrativos y exponer su inconformidad ante la figura del Coordinador. Por tanto, en la medida en que no cumplió con el trámite de solicitar reconsideración, resulta evidente que carecemos de jurisdicción para atender la determinación recurrida.

Por los fundamentos expuestos, confirmamos la primera determinación recurrida (GMA100-236-23), toda vez que es cónsona con los términos establecidos en la Regla XII del Reglamento Núm. 8583, *supra*. No obstante, desestimamos el recurso presentado en torno a la segunda determinación administrativa (GMA100-237-23) por falta de jurisdicción a tenor con la Regla 83 del Reglamento del Tribunal de Apelaciones (4 LPRA A. XXII- B, R. 83).

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones