Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| JONATHAN MURGA RODRÍGUEZ<br><br>Recurrente<br><br>v.<br><br>DEPARAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202400239 | *REVISIÓN JUDICIAL*<br>Procedente del Departamento de Corrección y Rehabilitación |
|---|---|---|

Panel integrado por su presidenta, la Jueza Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Álvarez Esnard, jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de mayo de 2024.

Comparece Jonathan Murga Rodríguez (señor Murga Rodríguez o el Recurrente) y solicita la revocación de la alegada Respuesta emitida el 29 de enero de 2024, por la División de Remedios Administrativos (División de Remedios) del Departamento de Corrección y Rehabilitación (Departamento de Corrección) que le denegó su solicitud de remedio para obtener autorización para el uso de una barba ante la erupción cutánea que le ocasiona afeitarse, lo que le impide cumplir con la Orden Administrativa que exige a los miembros de la población correccional estar afeitado y acicalado.

Por los fundamentos que pasamos a exponer desestimamos el recurso presentado por el señor Murga Rodríguez por falta de jurisdicción por prematuro.

I

El Recurrente sostiene en el recurso de epígrafe que notificó al Sr. Víctor Maldonado Vázquez, Superintendente de la Institución Correccional Bayamón 501, sobre su alegada condición de erupción cutánea y este lo orientó sobre el proceso para solicitar una máquina de afeitar al Área Médica. El señor Murga Rodríguez, sostiene que

Número Identificador

SEN(RES)2024_____

lleva más de diez meses llenando el formulario de *sick call* a raíz de la Orden Administrativa que exige a los miembros de la población correccional estar afeitado y acicalado, por lo que le recetan "*una crema para el rash que le ocasiona afeitarse*" en lugar de permitirle el uso de una "*barba provisional*".

En desacuerdo, el Recurrente sostiene que llevó su reclamo a la División de Remedios y el 29 de enero de 2024, se le denegó su petitorio, por lo que solicitó Reconsideración al Coordinador Regional de la División de Remedios y presentó además, el recurso de epígrafe.

En esencia, el señor Murga Rodríguez interesa no ser amonestado por el personal institucional cada vez que tenga que salir del módulo sin afeitarse, por su alegada dificultad para cumplir con la orden administrativa que le exige estar afeitado y acicalado.

II

A.

La Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003 (4 LPRA sec. 24) delimita la facultad revisora del Tribunal de Apelaciones. El Artículo 4.006 de la precitada ley permite recurrir al foro apelativo "[m]ediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas". (4 LPRA sec. 24y). Cónsono con lo anterior, la Sección 4.2 de la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 38-2017 (3 LPRA sec. 9672) dispone que una parte adversamente afectada por una **orden o resolución final,** que haya agotado todos los remedios administrativos, podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones. Dicha sección, a su vez, establece que una determinación interlocutoria no será revisable ante el foro apelativo. En virtud de tales preceptos, la Regla 56 del Reglamento del Tribunal de Apelaciones (4 LPRA A. XXII- B,

R. 56) limita la jurisdicción apelativa a la revisión de las determinaciones administrativas finales.

Establecido lo anterior, la Sección 3.14 preceptúa los componentes distintivos de un dictamen final. En específico, esa disposición establece que una resolución u orden final debe incluir (1) determinaciones de hechos, (2) conclusiones de derecho y (3) una advertencia sobre el derecho a solicitar reconsideración o revisión judicial. *Crespo Claudio v. O.E.G.*, 173 DPR 804 (2008). En armonía con tales criterios, el Tribunal Supremo de Puerto Rico reitera que en el ámbito administrativo "una orden o resolución final tiene las características de una sentencia en un procedimiento judicial porque resuelve finalmente la cuestión litigiosa y de la misma puede apelarse o solicitarse revisión". *Comisionado Seguros v. Universal*, 167 DPR 21, 29 (2006); *J. Exam. Tec. Med. v. Elías et al*, 144 DPR 483, 490 (1998).

Este esquema jurídico procura el agotamiento de remedios administrativos, cuya finalidad posibilita la culminación de los casos ante la agencia previo a acudir al foro judicial. *Acevedo v. Mun. de Aguadilla,* 153 DPR 788 (2001). La aludida normativa doctrinal permite que la determinación objeto de revisión judicial refleje "la posición final de la entidad administrativa". Íd., pág. 802. De tal modo, se evita que la parte interesada obvie "el procedimiento de revisión interna de la agencia a fin de acelerar la revisión judicial". *Mun. de Caguas v. At & T*, 154 DPR 401, 407 (2001); *Quiñones v. A.C.A.A.,* 102 DPR 746, 749 (1974).

Cónsono con lo anterior, el DCR adoptó el Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional, Reglamento Núm. 8583, 4 de mayo de 2015 (Reglamento Núm. 8583) en virtud del Plan de Reorganización del Departamento de Corrección y Rehabilitación del 2011, Núm. 2-2011. El precitado cuerpo reglamentario dispone que

el miembro de la población correccional tendrá quince (15) días calendario, contados a partir de advenir en conocimiento de los hechos que motivan su solicitud, salvo que medie justa causa o caso fortuito que impidan su presentación. Regla XII (2), Reglamento Núm. 8583, *supra*

Al presentarse una solicitud de remedio administrativo, un Evaluador estará a cargo de recopilar, recibir, evaluar y contestar la solicitud de remedio administrativo conforme a la respuesta emitida por el superintendente de la institución correccional. Regla IV (11), Reglamento Núm. 8583, *supra*. La respuesta administrativa consiste en un "[e]scrito emitido por el Evaluador, en el cual se contesta la solicitud del remedio administrativo radicada por el miembro de la población correccional". Regla IV (20), Reglamento Núm. 8583, *supra*.     Si el confinado resulta inconforme con la respuesta del Evaluador, le corresponde presentar una *Solicitud de Reconsideración* dentro del término de veinte (20) días contados a partir del recibo de la notificación según dispone el cuerpo reglamentario agencial. Regla XIV (1), Reglamento Núm. 8583, *supra*. En tal caso, el Coordinador de la División emitirá una *Respuesta de Reconsideración*. Dicha resolución comprende un "[e]scrito emitido por el Coordinador, en el cual se contesta la solicitud de reconsideración acogida, radicada por el miembro de la población correccional". Regla IV (21), Reglamento Núm. 8583, *supra.* Ese dictamen "deberá contener un (1) breve resumen de los hechos que motivaron la solicitud, (2) el derecho aplicable y (3) la disposición o solución a la controversia planteada". *Íd.*

### B.

La jurisdicción es la autoridad que posee un tribunal o un foro administrativo para considerar y adjudicar determinada controversia o asunto. *Pérez López y otros v. CFSE,* 189 DPR 877, 882 (2013). La falta de jurisdicción trae consigo las consecuencias

siguientes: (a) no es susceptible de ser subsanada; (b) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede este arrogársela; (c) conlleva la nulidad de los dictámenes emitidos; (d) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (e) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (f) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

A tono con lo anterior, nuestro Tribunal Supremo ha expresado que los tribunales "debemos ser celosos guardianes de nuestra jurisdicción", por lo que tenemos la indelegable labor de auscultarla, incluso cuando ello no se nos haya planteado". *Cordero v. Oficina de Gerencia de Permisos y otros*, 187 DPR 445, 457 (2012). Así pues, "las cuestiones jurisdiccionales deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo". Íd, pág. 856. Ello, ya que los tribunales no tenemos discreción para asumir jurisdicción donde no la tenemos. *Yumac Home v. Empresas Masso*, 194 DPR 96, 103 (2015). Cuando este Foro carece de jurisdicción, procede la inmediata desestimación del recurso apelativo. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007).

Un recurso presentado prematura o tardíamente priva insubsanablemente de jurisdicción y autoridad al tribunal ante el cual se recurre para atender el asunto, caso o controversia. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). Estos tipos de recursos carecen de eficacia y no producen ningún efecto jurídico, pues, al momento de su presentación, su naturaleza prematura o tardía hace que el foro apelativo no tenga autoridad alguna para acogerlo. Íd.

Conforme a lo que antecede, este Tribunal de Apelaciones puede desestimar, *motu proprio*, un recurso prematuro o tardío por carecer de jurisdicción. Regla 83 (B) (1) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. En lo pertinente, la Sección 4.2 de la Ley Núm. 38-2017, según enmendada, conocida como la Ley de Procedimiento Administrativo del Gobierno de Puerto Rico (3 LPRA sec. 9601 *et seq.*), dispone que:

[u]na parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. Este Tribunal carece de jurisdicción cuando se nos presenta un recurso prematuro. *Pueblo v. Santana Rodríguez*, 148 DPR 400, 402 (1999). En el ámbito procesal, se considera que un recurso es prematuro cuando se presenta ante la secretaría de un tribunal antes de que este tenga jurisdicción para atenderlo. Íd. Así, una apelación o un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. *SLG Szendrey-Ramos v. F. Castillo*, *supra*, pág. 883; *Juliá et al. v. Epifanio Vidal, S. E.*, 153 DPR 357, 366 (2001). Conforme a ese pronunciamiento, el Tribunal Supremo ha reiterado que, "[t]odo recurso presentado prematuramente carece de eficacia y, por lo tanto, no produce efecto jurídico alguno, ya que al momento de ser presentado el tribunal no tiene autoridad para acogerlo [...]". *SLG Szendrey-Ramos v. F. Castillo*, *supra*, pág. 884.

III

El Recurrente sostiene que solicitó reconsideración ante el Coordinador Regional de la División de Remedios y que además presentó el recurso de epígrafe. El señor Murga Rodríguez no acompañó ningún documento que acredite que recurre de una resolución final revisable ante este Tribunal de Apelaciones. Tampoco alega que el Coordinador Regional de la División de Remedios hubiese atendido su solicitud de reconsideración.

A tenor con los preceptos legales citados y la norma jurisprudencial vigente, resulta evidente que nuestra facultad revisora está limitada a revisar aquella *Respuesta de Reconsideración* emitida por el Coordinador Regional de la División de Remedios. Para viabilizar nuestra facultad revisora, el dictamen administrativo debe exhibir determinaciones de hechos, conclusiones de derecho y la disposición de la controversia planteada tal como exige el Reglamento Núm. 8583, *supra.* Una resolución con tales elementos es susceptible de considerarse como final y, por tanto sujeta a la revisión judicial.

La Regla 83 del Reglamento del Tribunal de Apelaciones contempla la desestimación de un recurso por carecer de jurisdicción para atenderlo en sus méritos. 4 LPRA Ap. XXII-B, R. 83. Luego de examinar el recurso de revisión ante nuestra consideración, concluimos que este adolece de defectos que impiden nuestra función revisora, toda vez que el señor Murga Rodríguez no recurre de una Resolución final de la agencia recurrida, revisable ante este Tribunal de Apelaciones mediante recurso de revisión judicial. Con estos antecedentes concluimos que el recurso presentado por el recurrente es prematuro por lo que carecemos de jurisdicción para atenderlo.

IV

En consideración a lo anterior, conforme a la Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*, desestimamos el recurso de revisión de epígrafe por carecer de jurisdicción para atenderlo, al haberse presentado de forma prematura.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones